# EDMUND D. CROSLEY, RESPONDENT, *v.* CALVIN F. COBB, APPELLANT.

*Practice — taxation and retaxation of costs — admissibility of evidence upon the hearing — mode of reviewing the taxation at Special Term.*

Upon an application to a clerk for the taxation of costs the proofs presented by the applicant, although complying in form with the requirements of the Code of Civil Procedure, are not conclusive but may be opposed by proof on the part of the adverse party or person interested in reducing the amount of the costs.

Although the statute may not require the affidavit of the applicant to be served upon the adverse party with the notice of taxation, yet it is the general, if not the universal, practice to so serve it.

Upon the taxation the clerk should decide the questions of fact raised by conflicting affidavits, and disallow all charges for witnesses who were unnecessarily subpœnaed or unnecessarily requested to attend, or whose attendance was procured with the view of increasing the costs.

Upon a motion to review such taxation the Special Term should, when a question of law is presented, allow or disallow the item presented instead of ordering a new taxation before the clerk.

Where the objection presents a question of fact the Special Term may determine it and allow or disallow the item, or it may direct a new taxation before the clerk, specifying the grounds or the proofs upon which the item may be allowed or disallowed.

Upon a new taxation before the clerk both parties may present their evidence without being confined to the evidence first presented and thus retry the question of fact.

APPEAL from an order made by the Onondaga Special Term in December, 1884, directing that the fees of certain witnesses be allowed by the clerk of Cortland county upon a retaxation of costs.

This cause was on the calendar of the Cortland Circuit in November, 1884, when, upon motion of the defendant, an order was made that the case go over the term; that a commission issue and that the defendant pay the costs of the term, "to be regularly taxed." Upon the taxation of such costs a contest arose before the clerk as to the materiality and necessity of certain witnesses who, as the plaintiff claimed, had actually and in good faith attended said circuit in his behalf pursuant to subpœna or at his special request. The defendant insisted that one of such witnesses was a juror; that another was a party to an action ready for trial at said term; that

several others were attorneys attending court upon business of their own, and that the attendance of all these persons was unnecessary for the purposes of this action and was procured with the intention of increasing the costs. Affidavits were presented tending to support the claims of the respective parties. The whole amount claimed by the plaintiff for witnesses' fees was twenty-four dollars and sixty-four cents, of which the clerk allowed but eight dollars and twenty-eight cents. The plaintiff moved at Special Term, upon the papers read before the clerk, for an order directing the costs to be retaxed and the rejected items allowed. The motion was granted and the defendant brought this appeal.

*Franklin Pierce,* for the appellant.

*A. P. Smith,* for the respondent.

VANN, J.:

The taxation of costs allowed upon a motion to postpone the trial of a cause is governed by the same rules that apply to the adjustment of costs upon the entry of judgment. By section 3255 of the Code of Civil Procedure express authority is conferred upon the court, when application is made to adjourn a trial, to require as a condition of granting the adjournment, the payment to the adverse party of a sum not exceeding ten dollars, " besides the fees of his witnesses and other taxable disbursements already made or incurred, which are rendered ineffectual by the adjournment." By section 3262 it is provided that costs must be taxed by the clerk upon application of the party entitled thereto; except that the court may direct that interlocutory costs or costs in a special proceeding be taxed by a judge. By the order of the circuit the costs in question were to be " regularly taxed," which, in the absence of a direction that they should be taxed by some other officer, implies taxation by the clerk.

Subsequent sections provide that the taxing officer must, whether the taxation is opposed or not, examine the bills presented for taxation and satisfy himself that all the items allowed by him are correct and legal ; that a charge for the attendance of a witness is not to be allowed without an affidavit stating the number of days of his actual attendance, and if travel fees are charged, the distance for which they are allowed, and that no item of disbursements can be allowed in any case unless it is verified by affidavit, " and appears to

have been necessarily incurred and reasonable in amount." (Secs. 3266 and 3267.) It is evident from an examination of these and the three preceding sections, that the proof presented to the clerk by the party entitled to costs, even if such proof in form complies with the statute, is not conclusive, but that it may be opposed by proof on the part of the adverse party or person interested in reducing the amount of the costs.

From the fact that the taxation or retaxation is to be upon notice to the adverse party (secs. 3263 and 3264), it is reasonable to infer that such party is not confined to mere objections, but that he may controvert by affidavit the proof of the moving party. Even if the statute does not impliedly require service of the affidavit as to disbursements and witnesses with the notice of taxation, the proceeding is not *ex parte* and these papers can be inspected on the appearance before the clerk, when they must be produced and then contradicted or explained. The general, if not the universal practice, however, is to serve the affidavit with the notice. The clerk must satisfy himself that all the items allowed by him are " correct and legal." (Sec. 3266.) He is to satisfy himself by considering the proofs of both sides, not of one side only. Upon a motion for a new taxation the Special Term may allow or disallow any item objected to before the taxing officer, or it may direct a new taxation before the clerk, " specifying the grounds or the proof upon which the items may be allowed or disallowed by him." (Sec. 3265.) In the former case the court itself passes upon the disputed items and allows or disallows them, while in the latter it lays down the rule relating to the " grounds or the proof " that is to govern the clerk upon the retaxation. It is not claimed that upon a retaxation thus ordered by the court, the adverse party cannot contradict the new proofs of the moving party, yet the statute gives him no greater rights in such a case than upon the first taxation.

The sections cited from the Code of Civil Procedure, except those relating to retaxation and the review of taxation, are taken from the Code of Procedure and the Revised Statutes (Code Pro., §§ 311 and 314; 2 R. S., 653, §§ 5 and 7), under which the prevailing practice was in accordance with these views. (*Agricultural Ins. Co.* v. *Bean*, 45 How., 444; *Pike* v. *Nash*, 16 id., 53; *Dowling* v. *Bush*, 6 id., 410; *Dean* v. *Williams*, 6 Hill, 376.)

Upon the taxation of costs the clerk should decide the questions of fact raised by conflicting affidavits and disallow all charges for witnesses who were unnecessarily subpœnaed, or unnecessarily requested to attend, or whose attendance was procured with the view of increasing the costs. Upon a motion to review such taxation the Special Term may allow or disallow any item which was objected to before the clerk, in which case the decision is a new taxation, or it may direct a new taxation before the clerk, specifying the grounds or the proof upon which the item may be allowed or disallowed. (Code Civil Pro., § 3265.) When the objection presents a question of law the Special Term should allow or disallow the item instead of ordering a new taxation before the clerk. When the objection presents a question of fact the Special Term may determine it and allow or disallow the item, or it may direct a new taxation before the clerk, specifying the grounds or the proof upon which the item may be allowed or disallowed. Upon a new taxation before the clerk both parties present their evidence (not being confined to the evidence first presented) and thus retry the question of fact. Whether the questioned items in this case should have been allowed or disallowed was a question of fact. The order appealed from determines the question of fact, and also directs a new taxation before the clerk, in which respect it is irregular, but as neither party complains of the irregularity it must be regarded as waived.

The learned counsel for the appellant insisted upon the argument that the Special Term, without examining the facts, held that the affidavit of the plaintiff was conclusive upon the clerk, but there is nothing in the appeal book to sustain this position. From the form of the order appealed from the Special Term is presumed to have decided as a fact that all of the witnesses were material and necessary, and that their attendance was procured in good faith. This decision cannot be said to be against the evidence within the rule upon which this court reverses upon the facts.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN, P. J., and FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.